# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Jamal D. Strickland, | : | Case No. 4:09CV0603 |
| | : | |
| Petitioner | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Richard Gansheimer, Warden, | : | |
| | : | REPORT AND RECOMMENDATION |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality

of his conviction in a jury trial of one count of aggravated robbery and one count felonious assault[1],

which were merged for purposes of sentencing, upon which he was sentenced to nine years

incarceration; one count of kidnapping, upon which he was sentenced to nine years incarceration;

and one count of tampering with evidence,[2] upon which he was sentenced to one year in prison,

with all counts to be served consecutively, for a cumulative sentence of 19 years.

Represented by new counsel, petitioner filed a timely notice of appeal to the Ohio Eleventh

District Court of Appeals, alleging the following three assignments of error:

     I.   The trial court erred by failing to give a jury instruction as to the

---

[1] Although petitioner had originally been charged with two counts of felonious assault, one count was dismissed prior to trial upon motion of the prosecution.

[2] Petitioner had also been charged with, and found guilty of, one count of aggravated burglary, but the trial court granted the defense's motion for judgment of acquittal on that count.   Petitioner's motion for a new trial was denied by the trial court.

affirmative defense of duress.

II. The trial court's imposition of consecutive sentences upon appellant is contrary to law.

III. The trial court's imposition of consecutive sentences upon appellant based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's rights to a jury trial and due process, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

On May 22, 2006 the appellate court upheld his convictions, but reversed and remanded for re-sentencing pursuant to State v. Foster 109 Ohio St.3d 1 (2006).

On August 9, 2006 petitioner was re-sentenced to the same sentences as were originally imposed , for an aggregate term of imprisonment of 19 years.

Petitioner appealed his re-sentencing to the Ohio Eleventh District Court of Appeals alleging the following three assignments of error:

I. The trial court erred by failing to conduct a de novo re-sentencing hearing.

II. Appellant's re-sentencing violates his right to due process and against the ex post facto application of law, as State v. Foster subjected appellant to an effective raise in the presumptive sentences.

III. Appellant's re-sentencing, pursuant to State v. Foster, violates his right to due process through the deprivation of a liberty interest, as subjected appellant to an effective raise in presumptive sentences.

On February 25, 2008 the appellate court affirmed the sentence imposed by the trial court.

Petitioner failed to file a timely appeal to the Ohio Supreme Court. Instead, on May 12, 2008, he filed a pro se a motion for leave to file a delayed appeal. On July 9, 2008 the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal.

2

On March 19, 2009 the petitioner filed the instant petition, in which he raises the following five claims for relief:

**A.    GROUND ONE:**  The court of appeals erred by affirming the trial court's decision in its failure to conduct a de novo sentencing hearing following reversal and remand of my sentence. Actual innocence: based on unconstitutional sentence in violation of the 5th, 6th, and 14 Amendments.

**Supporting FACTS:** Trial court re-sentencing proceeding was not a de novo proceeding but, a rerun of the first sentencing proceeding. The transcript of the re-sentencing proceedings might be the shortest transcript of any proceeding that has ever resulted in a trial court in Ohio.

Additionally, the trial court failed to provide reasons on the record in support of a punitive/double jeopardy type sentence in violation of the 5th, 6th, and 14th Amendments to the U.S. Constitution.

**B.    GROUND TWO:** The trial court erred when it failed to dismiss a charge in the indictment and bill of particulars when all the elements are not proven beyond a reasonable doubt and then allows for the bill of particulars to be amended during the course of trial proceedings.

**Supporting FACTS:** The trial court cannot proceed to trial without dismissal of a charge from an insufficient indictment by merely amending the bill of particulars.

**C.    GROUND THREE:**  The petitioner herein was prejudiced at the onset of trial with a defective indictment leading to a misrepresentation of the facts and jury instructions creating a defective indictment and actual structural defect of issues raised at trial.

**Supporting FACTS:** The petitioner herein suffered from material deficiencies from the essential facts presented before a grand jury.  This defect had a direct result on a misinterpretation of jury instructions before deliberation.

**D.    GROUND FOUR:** Defense counsel rendered ineffective assistance of trial and appellate counsel in violation of this

3

petitioner's federal and state constitutional rights in violation of the 6th and 14th Amendments.

**Supporting FACTS:** Petitioner was given ineffective assistance of appellant counsel for not addressing issues of failure by the trial counsel. Additionally, counsel failed to challenge the unconstitutional sentences, investigate charges in order to determine whether the indictment is good or defective.

E. **GROUND FIVE:** Petitioner's re-sentencing was violated when his right to due process and ex post facto application of law as subjected petitioner to an unconstitutional decision violating the Ex Post Facto and Due Process Clauses of the United States Constitution.

**Supporting FACTS:** This involves Ohio's affects [sic] sentences that exceed the minimum and concurrent term of imprisonment available.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

Respondent asserts that each of petitioner's claims for relief are subject to dismissal on procedural grounds.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a

4

complete record for review should the case eventually be heard in federal habeas corpus. <u>Hafley</u> <u>v. Sowders</u>, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. <u>Harris v. Reed</u>, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. <u>Wainwright</u> <u>v. Sykes</u>, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." <u>Id</u>. at 84.

The Sixth Circuit, in <u>Maupin v. Smith</u>, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in <u>Wainwright</u>, <u>supra</u> at 138.

In the present case the respondent contends that petitioner failed to present the arguments raised in his second and third claims for relief, as well as that portion of his fourth claim for relief

5

which asserts the ineffective assistance of trial counsel, on appeal to the Ohio Eleventh District Court of Appeals.

This Court finds that these claims were not raised on appeal. That being so, petitioner would be unable to pursue relief on these claims in the state courts, in light of the fact that he could have raised them on appeal, but did not, which causes them to be barred by the doctrine of res judicata. State v. Perry, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 105-106 (1967). It follows that in light of the fact that the claims could have been, but were not, raised on direct appeal, petitioner would also be barred from raising them in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.3d 592, 593 (6th Cir. 1978).

As regards that portion of his fourth claim for relief in which he asserts the ineffective assistance of appellate counsel for failing to challenge on appeal "issues of failure by the trial counsel," as well as failing to challenge "unconstitutional sentences," this claim is flawed in several regards.

First, the underlying premise is inaccurate in light of the fact that petitioner's appellate counsel *did* challenge the constitutionality of his sentences, which resulted in the appellate court's reversal of the judgment and remanding for re-sentencing.

In addition, petitioner failed to raise this issue on direct appeal to the state supreme court prior to his re-sentencing. After the re-sentencing, the state supreme court refused to hear this claim for relief when it denied petitioner's motion for leave to file a delayed appeal in that court. There being no available means of further presenting these issues to the state courts, they have been exhausted, but there is the question as to whether they have also been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file delayed

6

appeal.[3]

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court. That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion. A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review. Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004). The Maupin factors have been satisfied, as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. Id. at 497. Accord, Smith v. Ohio Dept. Of Rehab. & Corr., 463 F.3d 426 (6th Cir. 2006). As such, petitioner has procedurally defaulted the claims for relief raised herein. Id. at 497. Accord, Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000); Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

These issues having been procedurally defaulted, this Court must look to whether petitioner has satisfied his burden to demonstrate cause for the procedural default and actual prejudice deriving therefrom.

---

[3]Under Ohio law claims of ineffective assistance of appellate counsel (which the petitioner asserts in part was the cause of procedural default in the state court) are to be filed in an application to reopen an appeal within ninety days from journalization of the judgement on direct appeal. Rule 26(B), Ohio Rules of Appellate Procedure. Petitioner did not file a Rule 26(B) application to reopen, and any attempt to do so at this point would be untimely. Absent a showing of good cause for the delay, which there is no indication of in this case, the untimely claims would not be considered by the state appellate court. That being the case, requiring petitioner to file such an untimely application would be futile, particularly since he ultimately attempted to present this claim to the supreme court.

Petitioner argues that the ineffective assistance of trial and appellate counsel constituted cause for his having procedurally defaulted these claims for relief. However, the issue of ineffective assistance of trial and appellate counsel, when presented as cause for procedural default, must not itself have been procedurally defaulted in order to excuse the default of another claim. Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000). That being so, the procedural default can not be excused, and these claims for relief should be dismissed.

Similar rationale applies to petitioner's first and fifth claims for relief, in which he challenges his re-sentencing. Petitioner unsuccessfully raised these claims to the Ohio Eleventh District, but did not file a timely appeal to the state supreme court.

In his first claim petitioner argues that the appellate court erred when it upheld his sentence upon re-sentencing, as in his opinion the "re-sentencing proceeding was not a de novo proceeding," and the trial court "failed to provide reasons [for the sentence] on the record." Petitioner argues in his fifth claim for relief that his sentence upon re-sentencing violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

As was previously discussed herein, petitioner procedurally defaulted these claims for relief when he failed to file follow the procedural rule requiring a timely appeal to the state supreme court challenging his sentence upon re-sentencing, and when the supreme court denied his motion for delayed appeal due to such failure, which is an adequate and independent basis upon which review of a federal claim may be foreclosed. There being no convincing claim of cause for such procedural default and actual prejudice, these two claims for relief are subject to dismissal for procedural default.

Even if this Court considered the merits of petitioner's first and fifth claims for relief, the

8

only claims for relief which had been ruled upon by the state appellate court, those claims would fail.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[4]

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with

---

[4]There are no issues of untimeliness in this case.

9

the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

In his first and fifth claims for relief the petitioner argues that his re-sentencing was unconstitutional in light of the fact that the "proceeding was not a de novo proceeding but, a rerun of the first sentencing proceeding...[and] the trial court failed to provide reasons on the record in support of [the sentence][;]" as well as the fact that the sentence imposed upon re-sentencing "exceed[ed] the minimum and concurrent term of imprisonment available," in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.

In Blakely v. Washington, 542 U.S. 296 (2004), the Court held that violations of the Sixth Amendment to the United States Constitution could be avoided if "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Although the Blakely case limited the authority of the

10

trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way.

In January of 2005 the United States Supreme Court held, in <u>United States v. Booker</u>, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the <u>Blakely</u> decision, but they could be used in an advisory manner.

The Ohio Supreme Court applied the <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> decisions to the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which provide for judicial findings of fact in order to rebut presumptions in sentencing terms; §2929.14(C), providing for the imposition of maximum sentences; §2929.14(D)(2)(b), findings for repeat violent offender; §2929.14(D)(3)(b), major drug offenders; §2929.14(E)(4), providing for the imposition of consecutive sentences;[5] and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. <u>State v. Foster</u>, 109 Ohio St.3d 1, 62-67, 83, 845 N.E.2d 470 (2006). The constitutional violation was premised upon the fact that those provisions require judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. <u>Ibid</u>. Those offending portions of the sentencing code were severed, *but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make*

---

[5]On January 14, 2009 the United States Supreme Court decided <u>Oregon v. Ice</u>, 555 U.S. ___, 2009 U.S. LEXIS 582 (2009), which abrogated this portion of the <u>Foster</u> decision and held that judicial factfinding to determine whether consecutive sentences should be imposed does not violate <u>Apprendi/Blakely</u>. In so doing, the Court expanded the scope of judicial factfinding discretion in sentencing.

11

*findings of fact or to articulate reasons for imposing maximum or consecutive sentences.* Id. at 100. Not severed from the sentencing code was §2929.12 which provides for a determination of the seriousness of the offense and recidivism factors, including a prior criminal history. As the Court did in Booker, the Ohio Supreme Court determined that its holding in Foster was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order.

The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. Ex Post Facto Clause challenges to the Foster decision have been repeatedly denied by Ohio state courts. State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (2007), reversed on other grounds, 119 Ohio St.3d 552 (2008); State v. Sharp, unreported, Case No. 89295, 2007 Ohio App. LEXIS 5549 (Ct.App.Cuy.Cnty. 2007); State v. McGhee, unreported, Case No. 17-06-05, 2006 Ohio App. LEXIS 5102 (Ct.App. Shelby Cnty. 2006). The McGhee court premised its decision that there had been no violation of the Ex Post Facto Clause in part on the fact that the defendant "knew the potential statutory sentence for committing a first degree felony, ...had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and ...was unlikely to amend his criminal behavior in light of a sentencing change." McGhee, supra at ¶20. The Sharp court determined that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and the Foster case "did not judicially increase the range of his sentence." Sharp, supra at ¶10.

Ex Post Facto Clause challenges to the Booker[6] decision have been repeatedly denied by

---

[6]Significant in light of the fact that the Foster and Booker decisions employed similar rationales to craft similar remedies.

the federal courts. <u>United States v. Barton</u>, 455 F.3d 649, 657 (6th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 748 (2006); <u>United States v. Davenport</u>, 455 F.3d 366 (4th Cir. 2006); <u>United States v. Austin</u>, 432 F.3d 598, 599-600 (5th Cir. 2005); <u>United States v. Vaughn</u>, 430 F.3d 518 (2nd Cir. 2005), <u>cert. denied</u>, 547 U.S. 1060 (2006); <u>United States v. Perez-Ruiz</u>, 421 F.3d 11 (1st Cir. 2005), <u>cert. denied</u>, 546 U.S. 1120 (2006); <u>United States v. Dupas</u>, 419 F.3d 916, (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1011 (2006); <u>United States v. Jamison</u>, 416 F.3d 538 (7th Cir. 2005) ("Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in <u>Rogers</u>.")

Notably, Ex Post Facto challenges similar to that raised by the instant petitioner have also been rejected by judges in this district. <u>Watkins v. Williams</u>, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams) (The <u>Foster</u> decision did not violate due process as it did not alter the fact that the defendant was well aware of the maximum penalty he faced at the time of his crime.); <u>Lyles v. Jeffreys</u>, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver) (The trial court's re-sentencing did not violate petitioner's Due Process right not to be re-sentenced pursuant to a law which violates the Ex Post Facto Clause, as petitioner "had fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts."); <u>McGhee v. Konteh</u>, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J. Nugent) (Affirming Magistrate Judge Limbert's conclusion that "Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an ex post facto-type due process

13

violation. Moreover, the trial judge's application of *Foster* to Petitioner's case in particular did not

violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.")

In State v. Elswick, Case No.2006-L-075, 2006-Ohio-7011 (Ct.App. Trumbull Cnty. 2006),

a case which summarizes the issues of state and federal law raised by petitioner herein, the state

appellate court held that the application of the Foster decision to a case in which the crimes were

committed before the decision was issued did not violate either the Due Process or the Ex Post

Facto Clauses, in light of the fact that the potential sentences faced by the defendant were the same

before and after the Foster decision, holding in pertinent part:

> In his first assignment of error, appellant argues that the trial court
> erred by sentencing him to more than the minimum prison terms in
> violation of the due process and ex post facto clauses of the Ohio
> and United States Constitutions. He alleges that the sentences
> imposed were not available to the trial court at the time the offenses
> were committed.
>
> In his second assignment of error, appellant contends that the trial
> court erred by sentencing him to more than the minimum prison
> terms in violation of his right to due process. He maintains that he
> had neither actual nor construction notice that the sentences
> imposed were possible punishments for the offenses.
>
> \* \* \* \* \*
>
> With respect to his first and second assignments of error, appellant
> raises an issue of first impression for our court. However, other
> appellate districts have considered the question, and concluded that
> *State v. Foster, 109 Ohio St.3d 1, 2006 Ohio 856, 83, 845 N.E.2d
> 470*, does not violate *due process* and the *ex post facto clause*
> because defendants face the same potential sentences as they did
> before *Foster* was decided. See *State v. Smith, 2d Dist. No. 21004,
> 2006 Ohio 4405; State v. Newman, 9th Dist. No. 23038, 2006 Ohio
> 4082;* and *State v. McGhee, 3d Dist. No. 17-06-05, 2006 Ohio 5162.*
>
> Article I, Section 10 of the United States Constitution provides that
> no state shall pass ex post facto laws. The ex post facto clause

14

extends to four types of laws:

> "'1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. *Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.* 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of commission of the offense, in order to convict the offender.'" (Emphasis added.) *Rogers v. Tennessee (2001), 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697*, quoting *Calder v. Bull (1798), 3 U.S. 386, 390, 1 L.Ed. 648, 3 Dall. 386* (seriatum opinion of Chase, J.).

In addition "'*Section 28, Article II of the Ohio Constitution* prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments.'" *Smith v. Smith, 109 Ohio St.3d 285, 2006 Ohio 2419, at P6, 847 N.E.2d 414*, quoting *Vogel v. Wells (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154*. "The *retroactivity clause* nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time (the statute becomes effective).'" *Bielat v. Bielat (2000), 87 Ohio St.3d 350, 352-353, 2000 Ohio 451, 721 N.E.2d 28*, quoting *Miller v. Hixson (1901), 64 Ohio St.39, 51, 59 N.E.749*.

In the instant matter, we must consider both the federal and state constitutional ramifications of *Foster*.[2]

---

[2] In *Foster*, the Supreme Court of Ohio held that the trial court is no longer required to make findings or give its reasons for imposing the maximum, consecutive or more than the minimum sentences. *Foster, supra*, at paragraph seven of the syllabus.

---

With respect to the federal constitutional considerations, due process guarantees notice and a hearing. The right to a sentencing hearing has not been implicated by *Foster*. Thus, we are only

concerned with the issue of warning as to potential sentences. Federal circuit courts have determined that *United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621*, does not violate the ex post facto clause because there has been no due process violation.

Most circuit courts have held that defendants were on notice with respect to statutory maximums, regardless of whether the federal sentencing guidelines were mandatory. *McGhee, supra, at P15*, citing *United States v. Duncan (11th Cir. 2005), 400 F.3d 1297*. See, also, *United States v. Pennavaria (3d Cir. 2006), 445 F.3d 720; United States v. Davenport (4th Cir. 2006), 445 F.3d 366; United States v. Alston-Graves (D.C.Cir. 2006), 369 U.S.App. D.C. 219, 435 F.3d 518; United States v. Dupas (9th Cir. 2005), 419 F.3d 916;* and *United States v. Jamison (7th Cir. 2005), 416 F.3d 538.*

Similarly, in Ohio, prior to *Foster*, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. *R.C. 2929.14(A)*. Here, appellant pleaded guilty to count one, failure to comply with order or signal of police officer, a felony of the third degree, in violation of *R.C. 2921.331(B)*, and count two, receiving stolen property, a felony of the fourth degree, in violation of *R.C. 2913.51(A)*. The indictment alleged that appellant committed the foregoing offenses on December 13, 2005. Thus, appellant's offenses were committed before *Foster*, but after *Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403* and *Booker, supra.*

There was no legislative alteration of Ohio's sentencing code post *Foster*. The range of sentences available for third and fourth degree felonies remained unchanged. *R.C. 2929.14(A)(3) and (4)* provided fair warning to appellant that he could receive anywhere from one to five years for his third degree felony offense, and six to eighteen months for his fourth degree felony offense. Appellant understood and signed his plea agreement, specifying the code provisions in effect at that time, which, again, have not changed or been enlarged in any manner after *Foster*. He was sentenced on April 3, 2006, over a month after *Foster* was decided.

Appellant knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was

AO 72A
(Rev. 8/82)

unlikely to amend his criminal behavior in light of a sentencing change. Therefore, this court cannot hold that *Foster* violated federal notions of due process as established in *Bouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894,* and *Rogers, supra.*

Regarding the state constitutional considerations, the Third District in *McGhee, supra, at P21-22,* stated:

> "[i]n construing Ohio's constitution, we must adapt the test for retroactive legislation to apply to retroactive judicial decisions. In determining whether a law violates *Section 28, Article II of the Ohio Constitution,* we must first evaluate whether the court intended its holding to apply retroactively. See [*Smith supra at P6*]***. In *Foster,* the court applied its holding retroactively, but only os as to affect cases on direct appeal and those cases pending in the trial courts. *Foster, at P104.****

> "Even though a law may apply retroactively, it is not necessarily unconstitutional. A substantive retroactive law will be held unconstitutional, while a remedial retroactive law is not. *Smith, at P6***.* A statute is substantive if it "'impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.'" *Id. at P6***."*

We agree with the Third District that the court's holding in *Foster* does not create a substantively retroactive law. *McGhee, supra, at P23.* The holding in *Foster* applies retroactively in a limited number of cases, but it does not affect a vested or an accrued substantive right. Id. "[A] presumed sentence *can* be 'taken away' without the defendant's consent." *Id. at P24.* Thus, no vested right has been affected by *Foster.* Id. In addition, no accrued substantial right has been affected. *Id. at P25.* "[D]efendants are not entitled to enforce or protect specific sentences prior to sentencing." Id. A range of determinative sentences available for each degree of felony offense is established in *R.C. 2929.14(A).* "Even under S.B.2, defendants could not expect a specific sentence because judges could make findings to sentence anywhere within the range provided by *R.C. 2929.14(A)."* Id.

> *Foster* does not violate *Section 28, Article II of the Ohio Constitution*, or Article I, Section 10 of the United States Constitution.
>
> Appellant's first and second assignments of error are without merit.

State v. Elswick, supra at ¶¶10-31.

Turning to the present case, the appellate court rejected petitioner's challenges to his

sentence, holding in pertinent part:

> Initially, we note that a de novo re-sentencing hearing did occur. At the resentencing hearing, Strickland's counsel did not offer any evidence. Moreover, Strickland personally declined the trial court's invitation to address the court.
>
> Strickland argues that the trial court erred by failing to make any findings at the resentencing hearing to justify the imposition of its sentence. We disagree.
>
> In State v. Foster, the Supreme Court of Ohio severed the former statutory sections requiring judicial fact-finding prior to the imposition of more-than-the-minimum, maximum, or consecutive sentences. *State v. Foster, supra*, at paragraphs two and four of the syllabus. Following severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Since the trial court was not required to make findings prior to imposing more-than-the-minimum or consecutive sentences, it did not err by not making such findings.
>
> R.C. 2929.12 is a "general guidance statute," which was not affected by the Foster decision. *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, at P36-42, 845 N.E.2d 470. See, also, *State v. Lloyd*, 11th Dist. No. 2005-L-146, 2006 Ohio 6534, at P17-18. While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of *R.C. 2929.12*]." *State v. Webb*, 11th Dist. No. 2003-L-078, 2004 Ohio 4198, at P10,

quoting *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 2000 Ohio 302, 724 N.E.2d 793. In this matter, the trial court indicated that it considered the purposes and principles of sentencing and the seriousness and recidivism factors, R.C. 2929.11 and 2929.12, both at the resentencing hearing and in its re-sentencing judgment entry.

The record affirmatively demonstrates that the trial court conducted a de novo resentencing hearing. In addition, the trial court was not required to make findings on the record at the resentencing hearing to support its sentence.

Strickland's first assignment of error is without merit.

Strickland's second and third assignments of error are:

"[2.] Appellant's resentencing violates his right to due process and against the ex post facto application of the law, as S*tate v. Foster* subjected appellant to an effective raise in the presumptive sentences."

"[3.] Appellant's resentencing, pursuant to S*tate v. Foster*, violates his right to due process through the deprivation of a liberty interest, as it subjected appellant to an effective raise in presumptive sentences."

In his second and third assignments of error, Strickland asserts his sentences is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in S*tate v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, but was sentenced pursuant to the post-Foster version of *R.C. 2929.14*. This court has addressed Strickland's exact arguments in the case of *State v. Elswick*, 11th Dist. No.2006-L-075, 2006 Ohio 7011. In *State v. Elswick*, this court found the identical arguments that are raised in this appeal to be without merit. *Id.* at P5-31. See, also, *State v. Marino*, 11th Dist. No. 2006-L-192, 2007 Ohio 2566, at P8-14; *State v. Nicholson*, 11th Dist. No. 2006-L-210, 2007 Ohio 2058, at P5-11; and *State v. Shaub*, 11th Dist. No. 2006-L-126, 2007 Ohio 2853, at P10-17. In addition, in *State v. Green*, this court found a similar post-Foster Ex Post Facto Clause argument to be without merit. *State v. Green*, 11th Dist. Nos. 2005-A-0069 & 2005-A-0070, 2006 Ohio 6695, at P15-23. Finally, similar arguments have "been consistently rejected by other Ohio appellate districts and federal courts." *State v. Markiewicz*, 11th Dist. No. 2006-L-249, 2007 Ohio

19

> 3974, at P12, citing *State v. Gibson*, 10th Dist. No. 06AP-509, 2006 Ohio 6899, at P15-18; *State v. Moore*, 3d Dist. No. 1-06-51, 2006 Ohio 6860, at P7-12; and *United States v. Portillo-Quezada* (C.A.10, 2006), 469 F.3d 1345, 1354-1356.
>
> Based upon the prior authority of this and other courts, Strickland's second and third assignments of error are without merit.

This Court agrees that, contrary to petitioner's assertions, after remand the trial court conducted a de novo re-sentencing hearing during which petitioner and his counsel were given the opportunity to be heard as to any concerns, and petitioner declined on the record.

In addition, this Court agrees with the state appellate court's conclusion that there was no constitutional violation in petitioner's sentencing, due to the fact that petitioner had sufficient warning (both before and after <u>Foster</u>) of his potential sentence to satisfy the Ex Post Facto and Due Process Clauses in light of the fact that <u>Foster</u> did not change the potential maximum sentence that he faced if he committed the crime with which he was ultimately charged, nor did it change the elements necessary to convict him of that crime. Furthermore, the court was not required to make the factual findings to which petitioner alludes, and he was informed at his initial sentencing that his sentence would fall within the proscribed ranges for crimes upon which he entered his plea. Petitioner knew that any thought of receiving a minimum sentence he may have entertained prior to his sentencing was always vulnerable to change by the sentencing court, particularly since that possibility had already occurred in his original sentencing.

As a consequence of the foregoing, petitioner has failed to show that the state appellate court decision upholding his re-sentencing resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor that the decision was based upon an unreasonable determination of the facts

20

in light of the evidence presented.

It follows that petitioner's first and fifth claims for relief are without merit.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE:    October 27, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)