**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMAL D. STRICKLAND,** | ) | **CASE NO.4:09CV603** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **RICHARD GANSHEIMER, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

        This matter comes before the Court on Petitioner Jamal D. Strickland's Petition
under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF
#1). For the following reasons, the Court accepts and adopts the Magistrate Judge's
Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

        The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's
Report and Recommendation, adopted and incorporated, provides a more complete and
detailed discussion of the facts. Petitioner was indicted by the January, 2004 Term of the
Trumbull County, Ohio Grand Jury on one count of Aggravated Robbery in violation of Ohio

1

Revised Code R.C. §2913.01, one count of Aggravated Burglary in violation of R.C. §2911.11(A)(1), one count of Kidnapping in violation of R.C. §2905.01(A)(2) and/or (3)&(C), one count of Felonious Assault in violation of R.C. §2903.11(A)(1)&(D), one count of Felonious Assault in violation of R.C. §2903.11(A)(2)&(D) and one count of Tampering with Evidence in violation of R.C. §2921.12(A)(1)&(B).  Prior to trial, the State moved to nolle count five (Felonious Assault §2903.11(A)(2)&(D)) of the indictment. The court granted the State's motion.

On September 28, 2004, Petitioner filed a Motion to Suppress any oral or written statements and all evidence seized as a result of the search. A hearing was held on the Motion to Suppress and on October 1, 2004, the court issued a Findings of Fact and Conclusions of Law, and denied the Motion to Suppress.  A jury trial commenced on October 12, 2004, and Petitioner was found guilty of the remaining charges in the indictment.

Prior to sentencing, Petitioner filed a Motion for Judgment of Acquittal Notwithstanding the Verdict as to the guilty verdict on count two, Aggravated Burglary.  In addition, Petitioner filed a Motion for a New Trial, arguing that the State had filed an Amended  Bill of Particulars on the third day of trial substantially altering its theory regarding the Aggravated Robbery.  The court held a hearing on the motions and on December 2, 2004, denied Petitioner's Motion for a New Trial, but granted his Motion for a Judgment Notwithstanding the Verdict on the Aggravated Burglary conviction only.

For the purposes of sentencing, the court merged the count of Felonious Assault with the count of Aggravated Robbery. The court denied Petitioner's request to merge the Kidnapping count with the Aggravated Robbery.  On December 7, 2004, Petitioner was sentenced to nine years for Aggravated Robbery, nine years for Kidnapping to be served consecutively to the Aggravated Robbery conviction, and one year for Tampering with Evidence, to be served consecutively to both other sentences, for an aggregate term of

2

nineteen years incarceration.

Petitioner filed a timely appeal to the Eleventh District Court of Appeals.  In an Opinion filed on May 22, 2006, the Court of Appeals found Petitioner's second and third assignments of error had merit under *State v. Foster*, 2006 Ohio 856, and reversed and remanded the case to the trial court for re-sentencing.  On August 9, 2006, Petitioner was re-sentenced to nine years for the Aggravated robbery, nine years for the Kidnapping and one year for Tampering with Evidence, all to be served consecutively, for an aggregate term of nineteen years in prison. Petitioner filed a timely appeal from his re-sentencing.  On February 25, 2008, the Court of Appeals affirmed the judgment of the trial court.

Petitioner did not file a timely appeal to the Ohio Supreme Court.  Instead, on May 12, 2008, he filed a Motion for Leave to File a Delayed Appeal. On July 9, 2008, the Ohio Supreme Court denied Petitioner's Motion for Delayed Appeal and dismissed the appeal.

Petitioner  filed a Petition for a Writ of Habeas Corpus in this court on March 19, 2009, asserting the following five claims:

> **GROUND ONE**: THE COURT OF APPEALS ERRED BY AFFIRMING THE TRIAL COURT'S DECISION IN ITS FAILURE TO CONDUCT A DE NOVO SENTENCING HEARING FOLLOWING REVERSAL AND REMAND OF MY SENTENCE. ACTUAL INNOCENCE: BASED ON UNCONSTITUTIONAL SENTENCE IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS.
>
> **Supporting FACTS**: Trial court resentencing proceeding was not a de novo proceeding but, a rerun of the first sentencing proceeding. The transcript of the resentencing proceedings might be the shortest transcript of any proceeding that has ever resulted in a trial court in Ohio.
> Additionally, the trial court failed to provide reasons on the record in support of a punitive/double jeopardy type sentence in violation of the 5th, 6th and 14th Amendments to the U.S. Constitution.
>
> **GROUND TWO**: THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS A CHARGE IN THE INDICTMENT AND BILL OF PARTICULARS WHEN ALL THE ELEMENTS ARE NOT PROVEN BEYOND A REASONABLE DOUBT AND THEN ALLOWS FOR THE BILL OF PARTICULARS TO BE AMENDED DURING THE COURSE OF TRIAL PROCEEDINGS.
>
> **Supporting FACTS**: The trial court cannot proceed to trial without

3

dismissal of a charge from an insufficient indictment by merely amending the bill of particulars.

**GROUND THREE**: THE PETITIONER HEREIN WAS PREJUDICED AT THE ONSET OF TRIAL WITH A DEFECTIVE INDICTMENT LEADING TO A MISREPRESENTATION OF THE FACTS AND JURY INSTRUCTIONS CREATING A DEFECTIVE INDICTMENT AND ACTUAL STRUCTURAL DEFECT OF ISSUES RAISED AT TRIAL.

**Supporting FACTS**: The petitioner herein suffered from material deficiencies from the essential facts presented before a grand jury. This defect had a direct result on a misinterpretation of jury instructions before deliberation.

**GROUND FOUR**: DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL IN VIOLATION OF THIS PETITIONER'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS.

**Supporting FACTS**: Petitioner was given ineffective assistance of appellant counsel for not addressing issues of failure by the trial counsel. Additionally, counsel failed to challenge the unconstitutional sentences, investigate charges in order to determine whether the indictment is good or defective.

**GROUND FIVE**: PETITIONER'S RESENTENCING WAS VIOLATED WHEN HIS RIGHT TO DUE PROCESS AND EX POST FACTO APPLICATION OF LAW AS SUBJECTED PETITIONER TO AN UNCONSTITUTIONAL DECISION VIOLATING THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION.

**Supporting FACTS**: This involves Ohio's affects (sic) sentences that exceed the minimum and concurrent term of imprisonment available.

On May 15, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on October 27, 2009.  Petitioner filed his Objections to the Report and Recommendation on January 14, 2010, after the Court granted Petitioner's Motion to Reopen Case.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or

involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), is applicable here because Petitioner filed his habeas petition after the AEDPA was enacted on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a one-year period of limitation for habeas petitions filed by persons in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d). The limitation period runs from the latest of–

(1) (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

5

action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or

other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.


Respondent asserts that each of Petitioner's claims for relief are subject to

dismissal on procedural grounds.    When a petitioner fails to appeal a claim to a state's

highest court and when the opportunity to do so is lost, the petitioner is said to have

procedurally defaulted the claim and must prove cause and prejudice for such default.

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Under this standard of review a petitioner

must show "cause for the noncompliance and ... actual prejudice resulting from the

alleged constitutional violation." *Id.* at 84.

In his Report and Recommendation, the Magistrate Judge points out that the Sixth

Circuit, in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), delineated a four part

approach on habeas corpus for determining whether a petitioner's claim is barred by the

failure to observe a state procedural rule. First, the district court must determine whether

there exists a state procedural rule with which the petitioner failed to comply. Then the

court must determine whether the state court enforced the sanction for failure to comply.

If so, it must then be decided whether failure to comply with the state procedural rule

constitutes an adequate and independent ground for barring federal review. If all these

6

questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in *Wainwright, supra* at 138.

The Magistrate Judge concluded that Petitioner's Second, Third and the portion of his Fourth claim for relief which asserts ineffective assistance of trial counsel, were not raised on appeal.   Therefore, Petitioner would be unable to pursue relief on these claims in the state courts, in light of the fact that he could have raised them on appeal, but did not, which causes them to be barred by the doctrine of res judicata. *State v. Perry*. 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 105-106 (1967). It follows that in light of the fact that the claims could have been, but were not, raised on direct appeal, Petitioner would also be barred from raising them in a delayed appeal or in a petition for post-conviction relief. *See, Collins v. Perini*, 594 F.3d 592, 593 (6th Cir. 1978).

When reviewing Petitioner's  portion of his Fourth claim for relief in which he asserts the ineffective assistance of appellate counsel, the Court agrees  this claim is without merit.  The Magistrate Judge points out that Petitioner's appellate counsel did challenge the constitutionality of his sentences, which resulted in the appellate court's reversal of the judgment and remanding for re-sentencing.  However, Petitioner failed to raise this issue on direct appeal to the Ohio Supreme Court prior to his re-sentencing. After the re-sentencing, the Ohio Supreme Court refused to hear this claim for relief when it denied Petitioner's Motion for Leave to File a Delayed Appeal in that court.

Under Ohio law, claims of ineffective assistance of appellate counsel should be filed in an application to reopen an appeal within ninety days from journalization of the judgement on direct appeal. Rule 26(B), Ohio Rules of Appellate Procedure. The Magistrate Judge correctly points out that Petitioner did not file a Rule 26(B) Application to Reopen, and any attempt to do so at this point would be untimely.

 Petitioner contends that the ineffective assistance of trial and appellate counsel constituted cause for his having procedurally defaulted these claims for relief.   The

7

Court agrees with the Magistrate Judge that the issue of ineffective assistance of trial and appellate counsel, when presented as cause for procedural default, must not itself have been procedurally defaulted in order to excuse the default of another claim. *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).   Therefore, the Court finds that all four factors of *Maupin* have been satisfied, and the procedural default can not be excused.  Petitioner's Second, Third and Fourth Grounds for relief are procedurally defaulted.  Petitioner has not demonstrated cause for the procedural default and therefore Grounds Two, Three and Four are dismissed.

In Ground One, Petitioner contends that the appellate court erred when it upheld his sentence upon re-sentencing.  In Ground Five, Petitioner contends that his sentence upon re-sentencing violates the Ex Post Facto and Due Process Clauses of the United States Constitution.  In his Report and Recommendation, the Magistrate Judge again thoroughly addressed Petitioner's failure to follow the procedural rule requiring a timely appeal to the Ohio Supreme Court challenging his sentence upon re-sentencing.

In Respondent's Answer/Return of Writ, he asserts that in *Smith v. ODRC*, the Sixth Circuit held that the Supreme Court's denial of a delayed appeal under Ohio Sup.Ct.Prac.R. II, Sec. 2(A)(4) is an adequate and independent basis upon which the state may rely to foreclose review of a federal claim. In *Smith v. ODRC*, the Court held:

> *** Smith failed to comply with a state procedural rule by not filing his appeal to the Ohio Supreme Court within the period set forth by Ohio Supreme Court Rules, and the Ohio Supreme Court denied his motion for delayed appeal under Ohio Supreme Court Rule II § 2(A)(4)(a). n3 We have previously held that denial of review on the basis of Rule II §2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Therefore, Smith procedurally defaulted his double jeopardy and ineffective assistance claims by failing to file a timely notice of the appeal to the Ohio Supreme Court.

In his Objection to Report and Recommendation of Magistrate Judge, Petitioner contends the Report and Recommendation did not answer the question whether Petitioner met the threshold for waiver of procedural bar.  The Court agrees with the

8

Magistrate Judge that there is no convincing claim of cause for procedural default and actual prejudice, and therefore, Grounds One and Five are dismissed.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


s/Christopher A. Boyko
Date:2/16/2010          CHRISTOPHER A. BOYKO
United States District Judge

9